UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| RICKY VAN COX | ) | |
| | ) | |
| *Petitioner*, | ) | |
| v. | ) | 1:11-cv-175 |
| | ) | *Chief Judge Curtis L. Collier* |
| WARDEN JERRY LESTER | ) | |
| | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM**

Petitioner Ricky Van Cox ("Petitioner") has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 (Court File No. 2) and a motion to proceed *in forma pauperis* (Court

File No. 1). Petitioner has filed an application to proceed *in forma pauperis* which indicates he has

a balance of fifty-two cents in his trust account. Therefore, Petitioner does not have sufficient funds

to pay the $5.00 filing fee. Accordingly, Petitioner's motion to proceed *in forma pauperis* will be

**GRANTED** (Court File No. 1).

Petitioner is attacking his 1986 convictions for grand larceny and first degree murder for

which he received a life sentence in the Hamilton County Criminal Court, in Chattanooga,

Tennessee.

This is Petitioner's second petition for federal habeas corpus relief challenging his 1986

Hamilton County convictions and sentence. His first habeas corpus petition was dismissed as he

failed to demonstrate that the state court decision was contrary to or an unreasonable application of

double jeopardy law, or any other law as declared by the United States Supreme Court, or that the

state court decision was based on a reasonable determination of the facts. *Ricky Van Cox v. Howard*

*Carlton, Warden*, Civil Action No. 1:03-cv-128 (E.D. Tenn. May 7, 2003). The Sixth Circuit

denied Petitioner's subsequent request for a certificate of appealability on or about February 17,

2004 (1:03-cv-128, Court File No. 13).

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, requires a petitioner to obtain permission in the United States Court of Appeals for the Sixth Circuit for an order authorizing this Court to consider a second or subsequent petition. 28 U.S.C. § 2244(b)(3); *also see  Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063, 1066 (6th Cir.), *cert. denied*, 520 U.S. 1224 (1997). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the Sixth Circuit Court of Appeals, this Court must transfer the document(s) pursuant to 28 U.S.C. § 1631.  *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).  This Court has not received an order from the Sixth Circuit authorizing the Court to consider the pending petition.  Therefore, this District Court lacks jurisdiction to adjudicate this § 2254 petition.

For the reasons set forth above, Petitioner's § 2254 petition is a second or successive habeas petition brought pursuant to § 2254 over which this Court has no jurisdiction absent precertification by the court of appeals.  Accordingly, the Clerk will be **DIRECTED** to **TRANSFER** this action to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.  *In re Sims*, 111 F.3d at 47.

An order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

2